Filed 6/10/21  P. v. Toscano CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B309718 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA227454 |
| ADRIAN TOSCANO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Pastor, Judge. Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 2003, Adrian Toscano was convicted of first degree murder and attempted robbery. He was sentenced to 50 years to life in prison. This court affirmed the judgment in 2005. (*People v. Toscano* (Mar. 21, 2005, B173824) [nonpub. opn.] (*Toscano I*).)

After the enactment of Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015), Toscano petitioned for resentencing under Penal Code[1] section 1170.95. At his request, the trial court appointed counsel to represent Toscano. After considering briefing and argument from both sides, the court denied the petition without issuing an order to show cause. Toscano appeals. Our independent review of the record has revealed no arguable appellate issues. Accordingly, we affirm.

## BACKGROUND

In his appellate brief, Toscano relies on the record and the facts set forth in *Toscano I*. Accordingly, the facts and procedural summary set forth below are also taken from the underlying record and the opinion in *Toscano I*.

Toscano and Arturo Amescua were members of the Neighborhood Florencia 13 criminal street gang, a subset of the larger Florencia 13 gang. Toscano had been a gang member for approximately five years, and was a "shot-caller," i.e., high-ranking member. Salvador Sanchez associated with Toscano, who was his cousin.

---

[1] All undesignated statutory references are to the Penal Code.

Agdallah Nimir, the victim, was a door-to-door blanket salesman. Each Wednesday he came to the area of 74th Street and South San Pedro Street, an area claimed as the territory of the Florencia 13 gang, to make sales and collect money from his customers. Amescua's girlfriend, Corina Naranjo, lived in the area and her mother Christina was one of Nimir's customers.

Approximately two weeks before the charged crimes, Nimir came to the Naranjo home to collect money. Toscano happened to be present to pick up Amescua, and asked about Nimir. Amescua described Nimir's weekly collection activities.

On Wednesday, October 3, 2001, Toscano, Amescua, and Sanchez discussed robbing Nimir. Toscano ordered Amescua to commit the crime, stating that Amescua had not "put in any work for the gang." Amescua refused. The trio eventually agreed that Amescua would drive, and Toscano would commit the robbery. The group borrowed a car and drove the short distance to the robbery site, where they expected Nimir to be collecting money, and waited approximately 30 to 45 minutes for him to arrive.

Nimir arrived, parked in front of the Naranjo house, and called on Christina and one other customer. When Nimir returned to his van, Toscano and Sanchez approached him, while Amescua slowly drove closer to the victim's van in order to be ready to make a quick getaway. Toscano demanded Nimir's keys and money. In response, Nimir made a remark about Toscano's lack of employment. Toscano pulled out his gun. Nimir turned and ran towards the Naranjo home. Sanchez ran toward the getaway car. Toscano fired a single shot at Nimir, hitting Nimir in the abdomen as he crossed the lawn to the Naranjo residence. Nimir yelled, "Christina, Christina. I was shot, I was shot."

Christina applied first aid and Corina called 911. The assailants drove off. Nimir died at the hospital from the gunshot wound.

The jury convicted Toscano of first degree murder and attempted second degree robbery, and found the gang and firearm use enhancement allegations true.

In February 2019, Toscano filed a petition for resentencing under section 1170.95 and requested the appointment of counsel. In April 2019, the trial court appointed counsel to represent Toscano. The prosecution filed an opposition and a supplemental opposition to the petition. The prosecution argued, among other things, that Toscano was not eligible for relief as he was the actual killer. Toscano, now represented by counsel, filed replies to the prosecution's oppositions on June 6, 2019, and on August 1, 2019. Primarily, Toscano argued that Senate Bill 1437 and section 1170.95 are constitutional. Toscano also argued that he is entitled to an evidentiary hearing.

The court heard argument from the parties regarding Toscano's section 1170.95 petition on November 16, 2020.[2] Notably, Toscano's counsel acknowledged that "[t]he case record which [he had] reviewed, frankly, saw [Toscano] tried and convicted as the actual killer." At the end of the hearing, the court denied the petition. The court explained that as the actual

---

[2] The court also heard, and denied, Toscano's related petition for writ of habeas corpus at that hearing. A superior court order denying a criminal defendant's petition for writ of habeas corpus is not appealable, however. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["Because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal."].)

4

killer, Toscano failed to sustain his burden of demonstrating a prima facie case.

Toscano filed a timely notice of appeal from the November 16, 2020 order, and we appointed counsel to represent him. Appointed counsel filed a brief in which he raised no issues and asked us to follow the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436. On March 22, 2021, we notified Toscano that his attorney had filed a brief that raised no issues and that he could submit by brief or letter any grounds for an appeal, or contentions or arguments he wished this court to consider. To date, Toscano has not filed a response.

## DISCUSSION

Here, it is undisputed that the record of conviction establishes that Toscano intentionally killed Nimir by shooting him. Because Toscano was convicted under a valid theory of murder that survived the changes to sections 188 and 189, he is ineligible for relief under section 1170.95. We have examined the entire record, and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                          LAVIN, J.

WE CONCUR:



EDMON, P. J.



EGERTON, J.